# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: ATLAS ROOFING ) <br> CORPORATION CHALET SHINGLE ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) | **1:13-md-2495-TWT** <br> **This Document Relates to All Actions** |

# CASE MANAGEMENT ORDER NO. 1

This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of December 19, 2013, as well as all related actions originally filed in this Court or transferred or removed to this Court. This Order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer Order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court. The actions described above are consolidated for pretrial purposes.

**I.    APPOINTMENT OF LIASON COUNSEL, LEAD COUNSEL, AND COMMITTEES**

This section addresses the organizational structure and appointments for all matters that are part of, or will be part of, this consolidated action.

### A. Plaintiffs' Liaison Counsel

The following attorney has been elected as the Plaintiffs' Liaison Counsel; therefore, the Court designates him to serve in that position:

Kenneth S. Canfield
Doffermyre Shields Canfield & Knowles, LLC
1355 Peachtree Street, Suite 1600
Atlanta, GA 30309
Email: kcanfield@dsckd.com

Plaintiffs' Liaison Counsel shall:

1. Serve as intermediary between Plaintiffs' counsel and the Court;

2. Maintain and distribute to co-counsel and to all other Liaison Counsel an up-to-date service list;

3. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel; and

4. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

### B. Defendant's Liaison Counsel

The Defendant's counsel shall nominate a Liaison Counsel and notify the Court within 20 days of the date of this Order of their selection.

Defendant's Liaison Counsel shall:

1. Serve as intermediary between defense counsel and the Court;

2.  Maintain and distribute to co-counsel an up-to-date service list;

3.  Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel; and

4.  Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

<u>**PLAINTIFFS' STEERING COMMITTEE**</u>

**A. Structure**

The Plaintiffs' pretrial activities in this case shall be managed by the Plaintiffs' Steering Committee ("PSC"), as follows:

<u>Plaintiffs' Steering Committee</u>

The following counsel are appointed as members of the Plaintiffs' Steering Committee:

Daniel K. Bryson
Gary E. Mason
Whitfield Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Email: dan@wbmllp.com

Christopher L. Coffin
Stan P. Baudin
Pendley, Baudin & Coffin, LLP
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Email: ccoffin@pbclawfirm.com

Justin Lucey
415 Mill Street
Post Office Box 806
Mount Pleasant, SC 29465-0806
jlucey@lucey-law.com

Jordan L. Chaikin
Parker Waichman, LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL 34134
jchaikin@yourlawyer.com

Jonathan Shub
Seeger Weiss LLP
1515 Market St
Suite 1380
Philadelphia, PA 19102
jshub@seegerweiss.com

Everett L. Doffermyre
Kenneth S. Canfield
Doffermyre Shields Canfield & Knowles, LLC
1355 Peachtree Street, Suite 1600
Atlanta, GA 30309
Email: edoffermyre@dsckd.com
Email: kcanfield@dsckd.com

James R. Reeves
Reeves & Mestayer, PLLC
PO Drawer 1388
Biloxi, MS 39533
Email: jrr@rmlawcall.com

Shawn M. Raiter
Larson-King, LLP
30 East Seventh Street
Saint Paul, Minnesota  55101
Email: sraiter@larsonking.com

# LEAD COUNSEL

### A. Structure

Plaintiffs shall be represented by one or more attorneys to serve as lead counsel. Lead or Co-Lead shall coordinate with each other as required by the course of the pretrial proceedings.

The Defendant shall be represented by one or more attorneys to serve as lead counsel. Lead or Co-Lead shall coordinate with each other as required by the course of the pretrial proceedings.

### B. Plaintiffs' Lead Counsel

The following attorneys have been elected as the Plaintiffs' Co-Lead Counsel; therefore, the Court designates them to serve in that position:

Daniel K. Bryson
Whitfield Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile: 919-600-5035
Email: dan@wbmllp.com

Christopher L. Coffin
Pendley, Baudin & Coffin, LLP
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: 504-355-0086
Facsimile: 504-523-0699
Email: ccoffin@pbclawfirm.com

### C.     Defendant's Lead Counsel

The following attorneys have been elected as the Defendant's Co-Lead Counsel; therefore, the Court designates him to serve in that position:

Joel G. Pieper
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363-1017
Telephone: 404-888-7435
Facsimile: 404-870-4831
Email: jpieper@wcsr.com

Henry B. Smythe, Jr.
Womble Carlyle Sandridge & Rice, LLP
5 Exchange Street
Charleston, SC 29401
Telephone: 843-720-4607
Facsimile: 843-723-7398
Email: hsmythe@wcsr.com

### E. Responsibilities of Lead Counsel

Lead counsel shall be generally responsible for coordinating the activities of their respective group (Plaintiffs or Defendant) during pretrial proceedings and shall:

1. determine (after such consultation with other members of their Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of their parties on all matters arising during pretrial proceedings;

2. coordinate the initiation and conduct of discovery on behalf of their group consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

3. conduct settlement negotiations on behalf of their group, but not enter into binding agreements except to the extent expressly authorized;

4. delegate specific tasks to other counsel or committees of counsel, as authorized by the court, in a manner to ensure that pretrial preparation for their group is conducted efficiently and effectively;

5. enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

6. prepare and distribute periodic status reports to the parties;

7. maintain adequate time and disbursement records covering services as lead counsel;

8.  monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

9.  perform such other duties as may be incidental to proper coordination of their group's pretrial activities or authorized by further order of the court; and

10. appoint additional committees, as necessary, including but not limited to expert, discovery, trial, and settlement committees.

## II.  GENERAL CASE MANAGEMENT

### A.  Generally

#### i.  Orders

The Clerk shall deliver a copy of each order to all Liaison Counsel for distribution as appropriate to other counsel and parties on their respective sides of this proceeding. The Clerk shall also serve each Order electronically to all counsel who have registered for electronic service.

#### ii.  Electronic Filing and Service

The parties are expected to follow the Northern District of Georgia policies and procedures on Electronic Case Filing ("ECF"). Any document which pertains to an individual case must be cross-filed, electronically through ECF, to the master docket for MDL No. 2495 and to the individual civil action docket. Electronic case filing of a document in the master file shall be deemed to constitute proper service

on all parties. Discovery and other documents not filed with the Court shall be served by electronic mail on the Liaison Counsel of the party served.

    iii.    <u>Separate Dockets and Files</u>

The Clerk shall maintain a separate docket and case files for each case removed to, or transferred to, this Court. Each such case will be assigned a new case number in this Court.

    iv.    <u>Captions and Filings Related to "All Actions"</u>

Orders, pleadings, motions and other documents will bear captions similar to that of this Order. If generally applicable to all coordinated actions, they shall include in their caption the notation that "This Document Relates to All Actions" and shall be filed and docketed only in the master file for MDL 2495.

    v.    <u>Other Items</u>

1.    Counsel who entered an appearance in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

2.    All attorneys who have entered an appearance in these coordinated cases will receive notification of documents which are e-filed in this case. Any attorney who has not previously entered an appearance and wishes to receive notification of filings in the case must enter an appearance in this Court.

3. No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Rule 83.1 of the Rules of this court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

4. Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by the Court upon application.

5. This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case that might properly be coordinated as part of the Atlas Roofing Corporation Chalet Shingle Products Liability Litigation.

## III.  STATUS CONFERENCES

### A.  Regularly Scheduled Conferences

The Court intends to schedule and hold status conferences approximately every four (4) weeks. Counsel for each side shall meet and confer in advance of each status conference and submit to the Court a joint agenda and status conference report listing all matters and motions to be considered by the Court at the status conference forty-eight (48) hours prior to each scheduled conference.

### B.    Telephonic Conferences

Telephonic conferences may be conducted at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties receive at least forty-eight (48) hours notice. The parties shall provide the Court with a proposed agenda twenty-four (24) hours prior to the telephonic conference. The Court may initiate conference calls on procedural or scheduling matters.

## IV.    DISCOVERY PROCEDURES

A Case Management Order related to discovery procedures will be entered separately.  All discovery proceedings in these actions are stayed until further order of this court and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until a discovery schedule has been entered by the Court.  Plaintiffs shall formulate a proposed Case Management Order outlining a discovery schedule, shall review their proposed discovery schedule with Defendants, and shall submit their agreed upon Case Management Order to the Court for approval.

## V.    ATTORNEYS' TIME AND EXPENSE RECORDS

Any plaintiff's counsel who may seek an award of fees or expenses by the Court in connection with this proceeding shall keep a daily record of his/her time spent and expenses incurred, including a specific record of the hours, location and

particular activity. The failure to maintain such records and/or sufficient description of the activity will be grounds for denying court-awarded attorneys' fees.

## VI. GENERAL APPLICABILITY OF ORDER

This order applies to all pending and to each subsequently filed case that becomes part of MDL No. 2495.

## VII. COMMUNICATION AMOUNG COUNSEL

This Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendant's counsel is essential for the orderly and expeditious conduct of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendant's counsel shall not be deemed a waiver of attorney client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against Plaintiffs by any Defendant or against any Defendant by any Plaintiff. Nothing contained in paragraph shall be construed to limit the rights of any party or counsel to assert the attorney-client or joint defense privilege or the attorney work-product doctrine.

**AND IT IS SO ORDERED.**

/s/Thomas W. Thrash
The Honorable Thomas W. Thrash, Jr.

Dated: January 16, 2014
Atlanta, Georgia

| Summary Report: Litéra® Change-Pro TDC 7.0.0.365 Document Comparison done on 1/8/2014 2:35:30 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original DMS:** iw://WORKSITEDMS/Womble/31821117/1 | |
| **Modified DMS:** iw://WORKSITEDMS/Womble/31821117/2 | |
| **Changes:** | |
| Add | 18 |
| Delete | 8 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 26 |