IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2495<br>1:13-md-2495-TWT |
| NOBLE L. BROOKS, JR. on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>ATLAS ROOFING CORPORATION,<br>Defendant. | CIVIL ACTION FILE NO. 1:14-CV-1-TWT |

**OPINION AND ORDER**

This is a multi-district action arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 67] Counts IV, V, and VII of the Plaintiff Noble L. Brooks, Jr.'s Amended Complaint. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 67] is GRANTED in part and DENIED in part.

## I. Background

The Plaintiff Noble L. Brooks, Jr. is a purchaser of the Atlas Chalet Shingles ("Shingles"), which are designed, manufactured, and sold by the Defendant Atlas Roofing Corporation ("Atlas").[1] Atlas represented and continues to represent – in marketing material and on the Shingles packaging – that the Shingles meet applicable building codes and industry standards.[2] Atlas also provides a limited thirty-year warranty against manufacturing defects.[3]

The Plaintiff claims that the Shingles are defective due to a flaw in the manufacturing process. This process – which allegedly does not conform to applicable building codes and industry standards – "permits moisture to intrude into the Shingles, creating a gas bubble that expands when the Shingles are exposed to the sun resulting in cracking, blistering and premature deterioration of the Shingles."[4] The Plaintiff filed suit, asserting claims for: breach of express warranty (Count I), breach of implied warranties (Count II), negligent design (Count III), fraudulent concealment (Count IV), unjust enrichment (Count V), and strict products liability (Count VI). The

---

[1] Am. Compl. ¶¶ 5-6.

[2] Am. Compl. ¶¶ 46, 48.

[3] Am. Compl. ¶¶ 46-47.

[4] Am. Compl. ¶ 54.

Plaintiff seeks damages, litigation expenses, and equitable relief.[5] The Defendant moves to dismiss Count IV, Count V, and the Plaintiff's request for equitable relief.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[6] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[7] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[8] Generally, notice pleading is all that is required for a valid

---

5 The Plaintiff's request for equitable relief was labeled Count VII.

6 Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

7 Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

8 See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

complaint.[9] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[10]

## III. Discussion

### A. Subject-Matter Jurisdiction

As a threshold matter, the Defendant argues that the Court lacks subject-matter jurisdiction because, based on the allegations in the Amended Complaint, there is no minimal diversity. Under the Class Action Fairness Act, "federal courts now have original jurisdiction over class actions in which [1] the amount in controversy exceeds $5,000,000 and [2] there is minimal diversity (at least one plaintiff and one defendant are from different states)."[11] The minimal diversity requirement may be met when "only one member of the plaintiff class – *named or unnamed* – . . . [is] diverse from any one defendant."[12]

---

9 See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

10 See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

11 Evans v. Walter Indus., Inc., 449 F.3d 1159, 1163 (11th Cir. 2006) (citing 28 U.S.C. § 1332(d)(2)).

12 Lowery v. Alabama Power Co., 483 F.3d 1184, 1193 n.24 (11th Cir. 2007) (emphasis added).

Here, both the Plaintiff and the Defendant are citizens of Mississippi.[13] However, the Plaintiff's requested class is not limited to Mississippi citizens. The Plaintiff has defined the class to include "[a]ll persons and entities that own homes, residences, buildings, or other structures physically located in the State of Mississippi on which (a) Atlas Chalet Shingles were installed; or (b) were previously installed and have been replaced by the owners."[14] Thus, to be a member of the class, the only requirement is that the *structure* containing the Chalet Shingles must be located in Mississippi. Although the Defendant is correct that the Plaintiff has not referenced a specific non-Mississippi citizen that would be a member of the class, the Court must "construe the complaint in the light most favorable to the plaintiff."[15] Because the allegations in the Amended Complaint give rise to a plausible inference that there is a non-Mississippi citizen that owns a structure in Mississippi containing Chalet Shingles, the Court may not dismiss the Plaintiff's claim for lack of subject-matter jurisdiction at this stage in the litigation.

---

[13] Am. Compl. ¶¶ 19, 25.

[14] Am. Compl. ¶ 31.

[15] Trimble v. U.S. Soc. Sec., 369 Fed. Appx. 27, 30 (11th Cir. 2010).

**B. Injunctive and Declaratory Relief**

The Plaintiff requests that the Court issue an injunction mandating that the Defendant:

1. "[N]otify owners of the defect,"[16]
2. "[R]eassess all prior warranty claims and . . . pay the full costs of repairs and damages,"[17]
3. "[R]eplace defective Chalet shingles with non-Chalet shingles that are free of defect and are cosmetically similar,"[18] and
4. "[P]ay the costs of inspection to determine whether any class member's Shingles needs replacement."[19]

The Plaintiff also requests that the Court issue a declaratory judgment stating, *inter alia*:

1. "That the Shingles have a defect which results in premature failure,"[20]
2. "That the Shingles were not manufactured consistent with applicable building codes,"[21] and
3. "That Defendant's warranty fails of its essential purpose."[22]

---

16 Am. Compl. ¶ 142.

17 Id.

18 Id.

19 Id.

20 Id.

21 Id.

22 Id.

To begin, the Plaintiff's request for injunctive relief must be dismissed. Injunctive relief is only appropriate "when [a] legal right asserted has been infringed," and there will be irreparable injury "for which there is *no adequate legal remedy*."[23] Here, the Defendant argues – correctly – that the Plaintiff does not even allege that legal remedies would be inadequate. Monetary damages would sufficiently compensate the Plaintiff for the Shingles that have blistered and/or cracked. In response, the Plaintiff argues that he is allowed to plead alternative and inconsistent claims.[24] But the problem here is not that the Plaintiff's request for injunctive relief is inconsistent with his other claims, it is that he has failed to state a plausible claim for injunctive relief to begin with.[25]

---

23 Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005) (emphasis added).

24 Pl.'s Resp. Br., at 5-6.

25 As a technical matter, the Court must dismiss the Plaintiff's first requested injunction – that the Defendant must notify owners of the defect – on jurisdictional grounds. "[S]tanding is a threshold jurisdictional question which must be addressed prior to . . . the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotation marks omitted). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Id. "To have Article III standing to pursue injunctive relief . . . a plaintiff must have . . . an injury in fact that is capable of being redressed by the injunction." Virdi v. Dekalb Cnty. Sch. Dist., 216 Fed. Appx. 867, 871 (11th Cir. 2007). Here, the Defendant correctly notes that the Plaintiff would not benefit from this injunction. If, during this litigation, it is established that the Shingles are indeed defective, it is unclear what the Plaintiff would gain from having the Defendant simply notify him of this fact.

To receive declaratory relief, however, the Plaintiff does not have to establish irreparable injury or the inadequacy of legal remedies.[26] In moving to dismiss the claim for declaratory relief, the Defendant first argues that the Plaintiff does not have standing because the requested declarations will not redress his injury. To satisfy the constitutional case-or-controversy requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[27] The Plaintiff may establish redressability if he shows that the "practical consequence" of the declaratory relief "would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered."[28] Here, the requested declarations – e.g., that the Shingles are defective – would make it more likely that the Plaintiff would obtain the necessary relief from the Defendant because it would establish an essential component to liability. And although the Plaintiff's remaining claims may provide more direct

---

[26] See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937) ("[A]llegations that irreparable injury is threatened are not required."); Katzenbach v. McClung, 379 U.S. 294, 296 (1964) ("Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists.").

[27] Allen v. Wright, 468 U.S. 737, 751 (1984).

[28] Utah v. Evans, 536 U.S. 452, 464 (2002).

relief, the Declaratory Judgment Act allows plaintiffs to seek a declaration of rights "whether or not further relief is or could be sought."[29]

The Defendant then argues that the Court ought to use its discretion to decline the Plaintiff's declaratory relief request because it overlaps with other claims brought in this action.[30] For example, the Defendant argues that many of the Plaintiff's other claims will require a determination as to whether the Shingles were defective. The "Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[31] In the declaratory judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[32] The "range of considerations available to the district court in deciding whether to entertain the declaratory action is vast."[33] The Eleventh Circuit "has previously recognized convenience of the parties . . . as relevant."[34] Here,

---

[29] 28 U.S.C. § 2201.

[30] Def.'s Mot. to Dismiss, at 17-18.

[31] Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

[32] Id. at 288.

[33] Manuel v. Convergys Corp., 430 F.3d 1132, 1137-38 (11th Cir. 2005).

[34] Id. at 1135.

the Plaintiff's argument is that – assuming he successfully obtains class certification – there may be class members whose Shingles have not yet blistered or cracked. Consequently they will not have ripe claims for breach of warranty. Thus, there will be no redundancy for these class members because – at the time of litigation – they will *only* qualify for declaratory relief.[35] This is a permissible purpose for seeking declaratory relief.[36] And given that the Court will have to resolve nearly identical factual issues with the other claims, it would be an efficient use of judicial resources to permit this declaratory judgment claim.

---

[35] The Seventh Circuit explained the mechanics of such an approach when it affirmed a district court's decision to certify two classes in a products liability suit:

> The court split the purchasers of windows into two groups: those who have replaced their windows, and those who have not. Those who have replaced their windows are properly members of the (b)(3) class because they require the award of damages to make them whole. Those who have not replaced their windows but might in the future because of the purported design flaw are properly members of a (b)(2) class. Such purchasers would want declarations that there is an inherent design flaw, that the warranty extends to them and specific performance of the warranty to replace the windows *when they manifest the defect*, or final equitable relief.

Pella Corp. v. Saltzman, 606 F.3d 391, 395 (7th Cir. 2010) (emphasis added).

[36] See Hardware Mut. Cas. Co. v. Schantz, 178 F.2d 779, 780 (5th Cir. 1949) ("The purpose of the Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty."); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950) ("The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked.").

Finally, the Defendant argues that the Plaintiff's declaratory judgment claim must be dismissed because it abridges the Defendant's right to a jury trial. But as the Eighth Circuit Court of Appeals has explained, "[a] litigant is not necessarily deprived of a jury trial merely because it is a party to a declaratory judgment action . . . if there would have been a right to a jury trial on the issue had it arisen in an action other than one for declaratory judgment, then there is a right to a jury trial in the declaratory judgment action."[37] Accordingly, the Plaintiff may pursue his claim for declaratory relief for now.

**C. Unjust Enrichment**

The Plaintiff claims that the Defendant was unjustly enriched when it received payments in exchange for defective shingles. Under Mississippi law, "[t]o collect under an unjust enrichment . . . theory, the claimant must show there is no legal contract [and that] . . . the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain, but should deliver

---

[37] Northgate Homes, Inc. v. City of Dayton, 126 F.3d 1095, 1098-99 (8th Cir. 1997); see also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) ("[T]he Declaratory Judgment Act . . . specifically preserves the right to jury trial for both parties."); Simler v. Conner, 372 U.S. 221, 223 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions as petitioner requested . . . [and] the courts below erred in denying petitioner the jury trial guaranteed him by the Seventh Amendment.").

to another."[38] Here, the Defendant correctly points out that the warranties constitute contracts.[39] Consequently, based on the allegations in the Amended Complaint, the Plaintiff has not stated a plausible unjust enrichment claim. In response, the Plaintiff asserts that he is asserting the unjust enrichment claim in the alternative. He argues that "even if [his] warranty claims fail, [he] may still be entitled to recover under an alternative unjust enrichment claim."[40] But an unjust enrichment claim requires the absence of a contract, not just the absence of a successful contract *claim*. Accordingly, the Plaintiff's unjust enrichment claim should be dismissed.

**D. Fraudulent Concealment**

Under the Federal Rules of Civil Procedure, "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ."[41] Allegations concerning the "date, time or place satisfy the [particularity] requirement . . . but alternative means are also available to satisfy the rule."[42] The Eleventh Circuit has

---

38 Franklin v. Franklin ex rel. Phillips, 858 So. 2d 110, 121 (Miss. 2003) (internal quotation marks omitted).

39 See Sorrells v. R & R Custom Coach Works, Inc., 636 So. 2d 668, 671 (Miss. 1994) ("[W]arranties are a form of contract.").

40 Pl.'s Resp. Br., at 16.

41 FED. R. CIV. P. 9(b).

42 Durham v. Business Mgmt. Associates, 847 F.2d 1505, 1512 (11th Cir. 1988).

cautioned that this rule "must not abrogate the concept of notice pleading."[43] Here, the Plaintiff satisfied the heightened pleading requirement. The Plaintiff alleged that the Defendant – before and during the sale of the Shingles – fraudulently represented that the Shingles were manufactured in conformity with applicable industry standards and building codes.[44] In response, the Defendant argues that "there is no allegation that Atlas made any representations to Mr. Brooks."[45] This is incorrect. The Plaintiff expressly alleges that "Atlas made the affirmative representations . . . set forth in [the] . . . [Amended] Complaint to [the] Plaintiff."[46] Thus, the Defendant's motion to dismiss the Plaintiff's fraudulent concealment claim should be denied.

**E. Equitable Estoppel**

In the Amended Complaint, the Plaintiff claimed that the Defendant was equitably estopped from arguing that the Plaintiff's claims are time-barred. The Defendant, in its Motion to Dismiss, argues that the Plaintiff's allegations do not support an equitable estoppel argument. There is no reason to resolve this issue now. In moving to dismiss, the Defendant does not argue that the Plaintiff's claims are

---

43 Id. at 1511.

44 Am. Compl. ¶¶ 46, 115.

45 Def.'s Mot. to Dismiss, at 21.

46 Am. Compl. ¶ 115.

time-barred. Thus, the Court need not address the merits of the Plaintiff's estoppel and tolling arguments at this stage of the litigation.

## IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the Defendant's Motion to Dismiss [Doc. 67].

SO ORDERED, this 2 day of December, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge