IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION<br><br>LLOYD M. DENSON, JR., et al.,<br><br>   Plaintiffs,<br><br>     v.<br><br>ATLAS ROOFING CORPORATION,<br><br>   Defendant. | MDL DOCKET NO. 2495<br>1:13-md-2495-TWT<br><br><br><br><br><br><br>CIVIL ACTION FILE<br>NO. 1:14-CV-831-TWT |

**OPINION AND ORDER**

This is an action arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 93] Count IV and Count VII of the Plaintiffs Peggy and Lloyd Denson's Amended Complaint. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 93] is GRANTED in part and DENIED in part.

**I. Background**

The Plaintiffs Peggy and Lloyd Denson are purchasers of the Atlas Chalet Shingles ("Shingles"), which are designed, manufactured, and sold by the Defendant

Atlas Roofing Corporation ("Atlas").[1] Atlas represented and continues to represent – in marketing material and on the Shingles packaging – that the Shingles meet applicable building codes and industry standards.[2] Atlas also provides a limited thirty-year warranty against manufacturing defects.[3]

The Plaintiffs claim that the Shingles are defective due to a flaw in the manufacturing process. This process – which allegedly does not conform to applicable building codes and industry standards – "permits moisture to intrude into the Shingles, creating a gas bubble that expands when the Shingles are exposed to the sun resulting in cracking, blistering and premature deterioration of the Shingles."[4] The Plaintiffs filed suit in the U.S. District Court for the Northern District of Alabama,[5] asserting claims for: breach of the express warranty (Count I), breach of the implied warranty

---

[1]     Am. Compl. ¶ 2.

[2]     Am. Compl. ¶ 45.

[3]     Am. Compl. ¶ 44.

[4]     Am. Compl. ¶ 52.

[5]     "[I]n multidistrict litigation under 28 U.S.C. § 1407, the transferee court applies the state law that the transferor court would have applied." In re Conagra Peanut Butter Products Liab. Litig., 251 F.R.D. 689, 693 (N.D. Ga. 2008); see also In re Temporomandibular Joint (TMJ) Implants Products Liab. Litig., 97 F.3d 1050, 1055 (8th Cir. 1996) ("When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation."). Here, both parties appear to agree that Alabama law governs the Plaintiffs' state law claims.

of merchantability (Count II), negligent design (Count III), fraudulent concealment (Count IV), violation of Alabama's Extended Manufacturer's Liability Doctrine (Count V), and unjust enrichment (Count VI). The Plaintiffs seek damages, litigation expenses, and equitable relief.[6] The Defendant moves to dismiss Count IV and the Plaintiffs' request for equitable relief.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[7] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[8] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[9] Generally, notice pleading is all that is required for a valid

---

[6] The Plaintiffs' request for equitable relief was labeled Count VII.

[7] Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).

[8] Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[9] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

complaint.[10] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[11]

### III. Discussion

**A. Injunctive and Declaratory Relief**

The Plaintiffs request that the Court issue an injunction mandating that the Defendant:

> 1. "[N]otify [the Plaintiffs and class members] . . . of the defect,"[12]
> 2. "[R]eassess all prior warranty claims and . . . [bear] all costs of investigation, repair and/or replacement of the Shingles,"[13] and
> 3. "[I]nspect the roofs/Shingles of all [class members] . . . who have not filed warranty claims and to repair and/or replace the Shingles."[14]

The Plaintiffs also request that the Court issue a declaratory judgment stating:

> 1. "[T]hat the Shingles have a defect which results in premature failure,"[15]
> 2. "[T]hat Defendant's warranty fails of its essential purpose,"[16] and

---

[10] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

[11] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

[12] Am. Compl. ¶ 147.

[13] Id.

[14] Id.

[15] Id.

[16] Id.

3. "[T]hat Defendant's warranty is void as unconscionable."[17]

To begin, the Plaintiffs' request for injunctive relief must be dismissed. Injunctive relief is only appropriate "when [a] legal right asserted has been infringed," and there will be irreparable injury "for which there is *no adequate legal remedy*."[18] Here, the Defendant argues – correctly – that the Plaintiffs do not even allege that legal remedies would be inadequate. Monetary damages would sufficiently compensate the Plaintiffs for the Shingles that have blistered and/or cracked. In response, the Plaintiffs argue that they are allowed to plead alternative and inconsistent claims.[19] But the problem here is not that the Plaintiffs' request for injunctive relief is inconsistent with their other claims, it is that they have failed to state a plausible claim for injunctive relief to begin with.[20]

---

[17] Id.

[18] Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005) (emphasis added).

[19] Pls.' Resp. Br., at 4.

[20] As a technical matter, the Court must dismiss the Plaintiffs' first requested injunction – that the Defendant must notify owners of the defect – on jurisdictional grounds. "[S]tanding is a threshold jurisdictional question which must be addressed prior to . . . the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotation marks omitted). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Id. "To have Article III standing to pursue injunctive relief . . . a plaintiff must have . . . an injury in fact that is capable of being redressed by the injunction." Virdi v. Dekalb Cnty. Sch. Dist., 216 Fed. Appx. 867, 871 (11th

To receive declaratory relief, however, the Plaintiffs do not have to establish irreparable injury or the inadequacy of legal remedies.[21] In moving to dismiss the claim for declaratory relief, the Defendant first argues that the Plaintiffs do not have standing because the requested declarations will not redress their injury.[22] To satisfy the constitutional case-or-controversy requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[23] The Plaintiffs may establish redressability if they show that the "practical consequence" of the declaratory relief "would amount to a significant increase in the likelihood that the [Plaintiffs] would obtain relief that directly redresses the injury suffered."[24] Here, the requested declarations – e.g., that the Shingles are defective – would make it more likely that the Plaintiffs would obtain

---

Cir. 2007). Here, the Defendant correctly notes that the Plaintiffs would not benefit from this injunction. If, during this litigation, it is established that the Shingles are indeed defective, it is unclear what the Plaintiffs would gain from having the Defendant simply notify them of this fact.

[21] See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937) ("[A]llegations that irreparable injury is threatened are not required."); Katzenbach v. McClung, 379 U.S. 294, 296 (1964) ("Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists.").

[22] Def.'s Mot. to Dismiss, at 13-14.

[23] Allen v. Wright, 468 U.S. 737, 751 (1984).

[24] Utah v. Evans, 536 U.S. 452, 464 (2002).

the necessary relief from the Defendant because it would establish an essential component to liability. And although the Plaintiffs' remaining claims may provide more direct relief, the Declaratory Judgment Act allows plaintiffs to seek a declaration of rights "whether or not further relief is or could be sought."[25]

The Defendant then argues that the Court ought to use its discretion to decline the Plaintiffs' declaratory relief request because it overlaps with other claims brought in this action.[26] For example, the Defendant argues that many of the Plaintiffs' other claims will require a determination as to whether the Shingles were defective. The "Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[27] In the declaratory judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[28] The "range of considerations available to the district court in deciding whether to entertain the declaratory action is vast."[29] The Eleventh

---

[25]   28 U.S.C. § 2201.

[26]   Def.'s Mot. to Dismiss, at 16.

[27]   Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

[28]   Id. at 288.

[29]   Manuel v. Convergys Corp., 430 F.3d 1132, 1137-38 (11th Cir. 2005).

Circuit "has previously recognized convenience of the parties . . . as relevant."[30] Here, the Plaintiffs' argument is that – assuming they successfully obtain class certification – there may be class members whose Shingles have not yet blistered or cracked. Consequently they will not have ripe claims for breach of warranty. Thus, there will be no redundancy for these class members because – at the time of litigation – they will *only* qualify for declaratory relief.[31] This is a permissible purpose for seeking declaratory relief.[32] And given that the Court will have to resolve nearly identical

---

[30] Id. at 1135.

[31] The Seventh Circuit explained the mechanics of such an approach when it affirmed a district court's decision to certify two classes in a products liability suit:

> The court split the purchasers of windows into two groups: those who have replaced their windows, and those who have not. Those who have replaced their windows are properly members of the (b)(3) class because they require the award of damages to make them whole. Those who have not replaced their windows but might in the future because of the purported design flaw are properly members of a (b)(2) class. Such purchasers would want declarations that there is an inherent design flaw, that the warranty extends to them and specific performance of the warranty to replace the windows *when they manifest the defect*, or final equitable relief.

Pella Corp. v. Saltzman, 606 F.3d 391, 395 (7th Cir. 2010) (emphasis added).

[32] See Hardware Mut. Cas. Co. v. Schantz, 178 F.2d 779, 780 (5th Cir. 1949) ("The purpose of the Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty."); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950) ("The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked.").

factual issues with the other claims, it would be an efficient use of judicial resources to permit this declaratory judgment claim.

Finally, the Defendant argues that the Plaintiffs' declaratory judgment claim must be dismissed because it abridges the Defendant's right to a jury trial.[33] But as the Eighth Circuit Court of Appeals has explained, "[a] litigant is not necessarily deprived of a jury trial merely because it is a party to a declaratory judgment action . . . if there would have been a right to a jury trial on the issue had it arisen in an action other than one for declaratory judgment, then there is a right to a jury trial in the declaratory judgment action."[34] Accordingly, the Plaintiffs may pursue their claim for declaratory relief for now.

---

[33] Def.'s Mot. to Dismiss, at 14-16.

[34] Northgate Homes, Inc. v. City of Dayton, 126 F.3d 1095, 1098-99 (8th Cir. 1997); see also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) ("[T]he Declaratory Judgment Act . . . specifically preserves the right to jury trial for both parties."); Simler v. Conner, 372 U.S. 221, 223 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions as petitioner requested . . . [and] the courts below erred in denying petitioner the jury trial guaranteed him by the Seventh Amendment.").

**B. Fraudulent Concealment**

To prevail on a fraudulent concealment claim under Alabama law, "a plaintiff must establish (1) that the defendant had a duty to disclose material facts, (2) that the defendant concealed or failed to disclose those facts, and (3) that the concealment or nondisclosure induced the plaintiff to act to his injury."[35] Additionally, under the Federal Rules of Civil Procedure, "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ."[36] Allegations concerning the "date, time or place satisfy the [particularity] requirement . . . but alternative means are also available to satisfy the rule."[37] The Eleventh Circuit has cautioned, however, that this rule "must not abrogate the concept of notice pleading."[38]

Here, the Defendant first argues that "the Amended Complaint fails to identify any particular person to whom alleged misrepresentations were actually made at any particular time, much less facts showing that the [Plaintiffs] themselves reasonably relied to their detriment on any particular statements."[39] This is obviously false. In the

---

[35] Altmayer v. City of Daphne, 613 So. 2d 366, 369 (Ala. 1993).

[36] FED. R. CIV. P. 9(b).

[37] Durham v. Business Mgmt. Associates, 847 F.2d 1505, 1512 (11th Cir. 1988).

[38] Id. at 1511.

[39] Def.'s Mot. to Dismiss, at 21.

Amended Complaint, the Plaintiffs expressly alleged that the Defendant "made . . . affirmative representations . . . to Plaintiffs" including the representation that the "Shingles conform to all applicable industry standards and building codes."[40] The Plaintiffs alleged that the Defendant concealed the truth from the Plaintiffs, along with the defect in the Shingles.[41] The Plaintiffs also adequately alleged detrimental reliance: "[i]f [the Defendant] had disclosed the [accurate] facts to Plaintiffs . . . they would have negotiated additional warranty coverage, negotiated a lower price to reflect the risk or simply avoided the risk all together by purchasing different shingles from one of [the Defendant's] competitors."[42]

The Defendant then argues – citing to the Supreme Court of Alabama case of Keck v. Dryvit Systems, Inc.[43] – that "a fraudulent concealment claim is not established by mere allegations of having purchased a house clad with an allegedly defective product."[44] But the Plaintiffs are not simply alleging that they purchased a house with defective shingles. That is why Keck is inapplicable. There, the court

---

[40] Am. Compl. ¶ 114.

[41] Am. Compl. ¶¶ 116, 119-20.

[42] Am. Compl. ¶ 118.

[43] 830 So.2d 1 (Ala. 2002).

[44] Def.'s Mot. to Dismiss, at 22.

found that the plaintiffs had failed to establish that the defendants had a duty to disclose the defects to the plaintiffs. Specifically, the court pointed out that the defendants "had no contractual relationship with the [plaintiffs], no knowledge that the [plaintiffs] owned a house clad with [their product], and no contact with the [plaintiffs] prior to [the] lawsuit."[45] In short, there was an "absence of any relationship between" the parties.[46] By contrast, the Plaintiffs here are alleging that they purchased the Shingles from the Defendant and that the Defendant made certain express representations directly to the Plaintiffs. Accordingly, the Defendant's request to dismiss the Plaintiffs' fraudulent concealment claim should be denied.

### C. Equitable Estoppel

In the Amended Complaint, the Plaintiffs claimed that the Defendant is equitably estopped from arguing that the Plaintiffs' claims are time-barred. The Defendant, in its Motion to Dismiss, argues that the Plaintiffs' allegations do not support an equitable estoppel argument. There is no reason to resolve this issue now. In moving to dismiss, the Defendant does not argue that the Plaintiffs' claims are time-barred. Thus, the Court need not address the merits of the Plaintiffs' estoppel arguments at this stage of the litigation.

---

[45]    Keck, 830 So.2d at 11.

[46]    Id.

## IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 93].

SO ORDERED, this 8 day of January, 2015.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge