IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2495 1:13-md-2495-TWT |
| BRYAN MAKOWSKI on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. 1:14-CV-3034-TWT |
| ATLAS ROOFING CORPORATION doing business as Meridian Roofing Company, | |
| Defendant. | |

**OPINION AND ORDER**

This is a multi-district action arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 172] Count IX of the Plaintiff Bryan Makowski's Complaint. For the reasons set forth below, the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 172] is GRANTED in part and DENIED in part.

# I. Background

The Plaintiff Bryan Makowski is a purchaser of the Atlas Chalet Shingles ("Shingles"), which are designed, manufactured, and sold by the Defendant Atlas Roofing Corporation ("Atlas").[1] Atlas represented and continues to represent – in marketing material and on the Shingles packaging – that the Shingles meet applicable building codes and industry standards.[2] Atlas also provides a limited thirty-year warranty against manufacturing defects.[3]

The Plaintiff claims that the Shingles are defective due to a flaw in the manufacturing process. As a result of this process – which allegedly does not conform to applicable building codes and industry standards – "the Shingles contain excessive moisture which creates gas bubbles in the Shingles when they are exposed to the sun and results in cracking, blistering, and premature deterioration of the Shingles."[4] The Plaintiff filed suit in the U.S. District Court for the Eastern District of Kentucky,[5]

---

[1]        Compl. ¶ 1.

[2]        Compl. ¶¶ 15-16.

[3]        Compl. ¶ 16.

[4]        Compl. ¶ 20.

[5]        "[I]n multidistrict litigation under 28 U.S.C. § 1407, the transferee court applies the state law that the transferor court would have applied." In re Conagra Peanut Butter Products Liab. Litig., 251 F.R.D. 689, 693 (N.D. Ga. 2008); see also In re Temporomandibular Joint (TMJ) Implants Products Liab. Litig., 97 F.3d 1050,

asserting claims for: negligence (Count I), negligent misrepresentation (Count II), strict products liability (Count III), breach of express warranty (Count IV), breach of implied warranties (Count V), violation of the Kentucky Consumer Protection Act (Count VI), fraudulent misrepresentation (Count VII), and fraudulent concealment (Count VIII). The Plaintiff seeks damages, litigation expenses, and equitable relief.[6] The Defendant moves to dismiss the Plaintiff's request for equitable relief.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[7] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[8] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most

_____

1055 (8th Cir. 1996) ("When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation."). Here, both parties appear to agree that Kentucky law governs the Plaintiff's state law claims.

[6]     The Plaintiff's request for equitable relief was labeled Count IX.

[7]     Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).

[8]     Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

favorable to the plaintiff.[9] Generally, notice pleading is all that is required for a valid

complaint.[10] Under notice pleading, the plaintiff need only give the defendant fair

notice of the plaintiff's claim and the grounds upon which it rests.[11]

### III. Discussion

The Plaintiff requests that the Court issue an injunction mandating that the

Defendant:

1. "[N]otify owners of the defect,"[12]
2. "[R]eassess all prior warranty claims and . . . pay the full costs of repairs,"[13] and
3. "[R]eplace defective Chalet shingles with non-Chalet shingles that are free of defects and are cosmetically similar."[14]

---

[9]    See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[10]    See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

[11]    See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

[12]    Compl. ¶ 126.

[13]    Id.

[14]    Id.

The Plaintiff also requests that the Court issue a declaratory judgment stating, *inter alia*:

1. "That the Shingles have a defect which results in premature failure,"[15]
2. "That Defendant's warranty fails of its essential purpose,"[16] and
3. That "Defendant's warranty as a whole is void as unconscionable."[17]

To begin, the Plaintiff's request for injunctive relief must be dismissed. Injunctive relief is only appropriate "when [a] legal right asserted has been infringed," and there will be irreparable injury "for which there is *no adequate legal remedy*."[18] Here, the Defendant argues – correctly – that the Plaintiff does not even allege that legal remedies would be inadequate. Monetary damages would sufficiently compensate the Plaintiff for the Shingles that have blistered and/or cracked. In response, the Plaintiff argues that he is allowed to plead alternative and inconsistent claims.[19] But the problem here is not that the Plaintiff's request for injunctive relief

---

[15]     Id.

[16]     Id.

[17]     Id.

[18]     Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005) (emphasis added).

[19]     Pl.'s Resp. Br., at 5.

is inconsistent with his other claims, it is that he has failed to state a plausible claim for injunctive relief to begin with.[20]

To receive declaratory relief, however, the Plaintiff does not have to establish irreparable injury or the inadequacy of legal remedies.[21] In moving to dismiss the claim for declaratory relief, the Defendant first argues that the Plaintiff does not have standing because the requested declarations will not redress his injury.[22] To satisfy the Constitutional case-or-controversy requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be

---

[20]     As a technical matter, the Court must dismiss the Plaintiff's first requested injunction – that the Defendant must notify owners of the defect – on jurisdictional grounds. "[S]tanding is a threshold jurisdictional question which must be addressed prior to . . . the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotation marks omitted). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Id. "To have Article III standing to pursue injunctive relief . . . a plaintiff must have . . . an injury in fact that is capable of being redressed by the injunction." Virdi v. Dekalb Cnty. Sch. Dist., 216 Fed. Appx. 867, 871 (11th Cir. 2007). Here, the Defendant correctly notes that the Plaintiff would not benefit from this injunction. If, during this litigation, it is established that the Shingles are indeed defective, it is unclear what the Plaintiff would gain from having the Defendant simply notify him of this fact.

[21]     See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937) ("[A]llegations that irreparable injury is threatened are not required."); Katzenbach v. McClung, 379 U.S. 294, 296 (1964) ("Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists.").

[22]     Def.'s Mot. to Dismiss, at 13-14.

redressed by the requested relief."[23] The Plaintiff may establish redressability if he shows that the "practical consequence" of the declaratory relief "would amount to a significant increase in the likelihood that the [Plaintiff] would obtain relief that directly redresses the injury suffered."[24] Here, the requested declarations – e.g., that the Shingles are defective – would make it more likely that the Plaintiff would obtain the necessary relief from the Defendant because it would establish an essential component to liability.[25] And although the Plaintiff's remaining claims may provide more direct relief, the Declaratory Judgment Act allows plaintiff to seek a declaration of rights "whether or not further relief is or could be sought."[26]

---

[23]    Allen v. Wright, 468 U.S. 737, 751 (1984).

[24]    Utah v. Evans, 536 U.S. 452, 464 (2002).

[25]    The Defendant argues that the requested declarations could not help the Plaintiff in a subsequent lawsuit. Consequently, according to the Defendant, the requested declarations will not redress any injury. In support, the Defendant reasons that the Plaintiff will be barred, by res judicata, from bringing a new lawsuit to seek recovery for the injuries complained of in this action. Thus, the argument goes, there will be no subsequent lawsuit within which the Plaintiff may seek damages based upon a declaration issued in this action. But the Plaintiff never alleged that *all* of the Shingles that it purchased have blistered or cracked. Shingles purchased by the Plaintiff that currently exhibit no flaws may blister or crack after this lawsuit. Pl.'s Resp. Br., at 9 ("Plaintiff alleges . . . that he . . . will continue to suffer injuries attributable to the defective Shingles."). And the Plaintiff may not be barred from seeking damages for these Shingles in a subsequent lawsuit. See, e.g., Asher v. G.F. Stearns Land & Lumber Co., 241 Ky. 292, 43 S.W.2d 1012, 1014 (1931) ("[Res judicata] does not apply . . . to facts that subsequently arise.").

[26]    28 U.S.C. § 2201.

Finally, the Defendant argues that the Plaintiff's declaratory judgment claim must be dismissed because it abridges the Defendant's right to a jury trial.[27] But as the Eighth Circuit Court of Appeals has explained, "[a] litigant is not necessarily deprived of a jury trial merely because it is a party to a declaratory judgment action . . . if there would have been a right to a jury trial on the issue had it arisen in an action other than one for declaratory judgment, then there is a right to a jury trial in the declaratory judgment action."[28] Accordingly, the Plaintiff may pursue his claim for declaratory relief for now.

## IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 172].

---

[27]     Def.'s Mot. to Dismiss, at 14-16.

[28]     Northgate Homes, Inc. v. City of Dayton, 126 F.3d 1095, 1098-99 (8th Cir. 1997); see also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) ("[T]he Declaratory Judgment Act . . . specifically preserves the right to jury trial for both parties."); Simler v. Conner, 372 U.S. 221, 223 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions as petitioner requested . . . [and] the courts below erred in denying petitioner the jury trial guaranteed him by the Seventh Amendment.").

SO ORDERED, this 16 day of June, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge