IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2495 1:13-md-2495-TWT |
| PENNY SEABERG on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. 1:14-CV-3179-TWT |
| ATLAS ROOFING CORPORATION, | |
| Defendant. | |

**OPINION AND ORDER**

This is a multi-district action arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 173] Count III, Count IV, Count V, Count VI, Count VII, and Count VIII of the Plaintiff Penny Seaberg's Complaint. For the reasons set forth below, the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 173] is GRANTED in part and DENIED in part.

# I. Background

The Plaintiff Penny Seaberg is a purchaser of the Atlas Chalet Shingles ("Shingles"), which are designed, manufactured, and sold by the Defendant Atlas Roofing Corporation ("Atlas").[1] Atlas represented and continues to represent – in marketing material and on the Shingles packaging – that the Shingles meet applicable building codes and industry standards.[2] Atlas also provides a limited thirty-year warranty against manufacturing defects.[3]

The Plaintiff claims that the Shingles are defective due to a flaw in the manufacturing process. This process – which allegedly does not conform to applicable building codes and industry standards – "permits moisture to intrude into the Shingle which creates a gas bubble that expands when the Shingles are exposed to the sun resulting in cracking and blistering of the Shingles."[4] The Plaintiff filed suit in the U.S. District Court for the Southern District of Florida,[5] asserting claims for: violation

---

[1]      Compl. ¶ 2.

[2]      Compl. ¶ 41.

[3]      Compl. ¶ 44.

[4]      Compl. ¶ 51.

[5]      "[I]n multidistrict litigation under 28 U.S.C. § 1407, the transferee court applies the state law that the transferor court would have applied." In re Conagra Peanut Butter Products Liab. Litig., 251 F.R.D. 689, 693 (N.D. Ga. 2008); see also In re Temporomandibular Joint (TMJ) Implants Products Liab. Litig., 97 F.3d 1050,

of the Florida Deceptive and Unfair Trade Practices Act (Count I), breach of express warranty (Count II), strict products liability (Count III), negligent design (Count IV), fraudulent concealment (Count V), negligent misrepresentation (Count VI), and unjust enrichment (Count VII). The Plaintiff seeks damages, litigation expenses, and equitable relief.[6] The Defendant moves to dismiss Counts III, IV, V, VI, VII, and the Plaintiff's request for equitable relief.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[7] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[8] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most

---

1055 (8th Cir. 1996) ("When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation."). Here, both parties appear to agree that Florida law governs the Plaintiff's state law claims.

[6]      The Plaintiff's request for equitable relief was labeled Count VIII.

[7]      Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).

[8]      Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

favorable to the plaintiff.[9] Generally, notice pleading is all that is required for a valid

complaint.[10] Under notice pleading, the plaintiff need only give the defendant fair

notice of the plaintiff's claim and the grounds upon which it rests.[11]

### III. Discussion

### A.    Injunctive and Declaratory Relief

The Plaintiff requests that the Court issue an injunction mandating that the

Defendant:

1. "[N]otify owners of the defect,"[12]
2. "[R]eassess all prior warranty claims and pay the full costs of repairs,"[13] and
3. "[P]ay the costs of inspection to determine whether any Class member's Shingles needs replacement."[14]

The Plaintiff also requests that the Court issue a declaratory judgment stating:

---

[9]    See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[10]    See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[11]    See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

[12]    Compl. ¶ 145.

[13]    Id.

[14]    Id.

1. "The Shingles [have] a defect which results in premature failure,"[15]
2. "[The Defendant's] warranty fails of its essential purpose,"[16] and
3. "Certain provisions of [the Defendant's] warranty are void as unconscionable."[17]

To begin, the Plaintiff's request for injunctive relief must be dismissed. Injunctive relief is only appropriate "when [a] legal right asserted has been infringed," and there will be irreparable injury "for which there is *no adequate legal remedy*."[18] Here, the Defendant argues – correctly – that the Plaintiff's allegations do not establish that legal remedies would be inadequate. Monetary damages would sufficiently compensate the Plaintiff for the Shingles that have blistered and/or cracked.[19] In response, the Plaintiff argues that she is allowed to plead alternative and

---

[15]     Id.

[16]     Id.

[17]     Id.

[18]     Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005) (emphasis added).

[19]     The Plaintiff's responses to this argument are entirely without merit. For example, she argues that, absent injunctive relief, she "will have to file individual suits to obtain recourse when [her] Shingles fail, which would tax . . . the resources of . . . the Plaintiff . . . [who] will have to wait until [the] Shingles fail and bear the entire cost of bringing suit." Pl.'s Resp. Br., at 10. That the Plaintiff will have to invest resources and exert effort to secure a legal remedy does not mean that legal remedies are inadequate. In any event, if she establishes in this action that the Shingles are indeed defective, it is unclear why the Plaintiff would have to invest a significant amount of resources to secure relief for any Shingles that blister and/or crack after this litigation.

inconsistent claims.[20] But the problem here is not that the Plaintiff's request for injunctive relief is inconsistent with her other claims, it is that she has failed to state a plausible claim for injunctive relief to begin with.[21]

To receive declaratory relief, however, the Plaintiff does not have to establish irreparable injury or the inadequacy of legal remedies.[22] In moving to dismiss the claim for declaratory relief, the Defendant first argues that the Plaintiff does not have standing because the requested declarations will not redress her injury.[23] To satisfy the constitutional case-or-controversy requirement, "[a] plaintiff must allege personal

---

[20]    Pl.'s Resp. Br., at 4.

[21]    As a technical matter, the Court must dismiss the Plaintiff's first requested injunction – that the Defendant must notify owners of the defect – on jurisdictional grounds. "[S]tanding is a threshold jurisdictional question which must be addressed prior to . . . the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotation marks omitted). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Id. "To have Article III standing to pursue injunctive relief . . . a plaintiff must have . . . an injury in fact that is capable of being redressed by the injunction." Virdi v. Dekalb Cnty. Sch. Dist., 216 Fed. Appx. 867, 871 (11th Cir. 2007). Here, the Defendant correctly notes that the Plaintiff would not benefit from this injunction. If, during this litigation, it is established that the Shingles are indeed defective, it is unclear what the Plaintiff would gain from having the Defendant simply notify her of this fact.

[22]    See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937) ("[A]llegations that irreparable injury is threatened are not required."); Katzenbach v. McClung, 379 U.S. 294, 296 (1964) ("Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists.").

[23]    Def.'s Mot. to Dismiss, at 13-14.

---

injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[24] The Plaintiff may establish redressability if she shows that the "practical consequence" of the declaratory relief "would amount to a significant increase in the likelihood that the [Plaintiff] would obtain relief that directly redresses the injury suffered."[25] Here, the requested declarations – e.g., that the Shingles are defective – would make it more likely that the Plaintiff would obtain the necessary relief from the Defendant because it would establish an essential component to liability. And although the Plaintiff's remaining claims may provide more direct relief, the Declaratory Judgment Act allows plaintiffs to seek a declaration of rights "whether or not further relief is or could be sought."[26]

Finally, the Defendant argues that the Plaintiff's declaratory judgment claim must be dismissed because it abridges the Defendant's right to a jury trial.[27] But as the Eighth Circuit Court of Appeals has explained, "[a] litigant is not necessarily deprived of a jury trial merely because it is a party to a declaratory judgment action . . . if there would have been a right to a jury trial on the issue had it arisen in an action other than

---

[24]     Allen v. Wright, 468 U.S. 737, 751 (1984).

[25]     Utah v. Evans, 536 U.S. 452, 464 (2002).

[26]     28 U.S.C. § 2201.

[27]     Def.'s Mot. to Dismiss, at 14-16.

one for declaratory judgment, then there is a right to a jury trial in the declaratory judgment action."[28] Accordingly, the Plaintiff may pursue her claim for declaratory relief for now.

### B.    Unjust Enrichment

The Defendant argues that the Plaintiff cannot establish an unjust enrichment claim given her allegation that there is an express warranty concerning the Shingles. Florida courts have held that "a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter."[29] Here, the Defendant correctly points out that "[a] warranty, whether express or implied, is fundamentally a contract."[30] Consequently, based on the allegations in the

---

[28]    Northgate Homes, Inc. v. City of Dayton, 126 F.3d 1095, 1098-99 (8th Cir. 1997); see also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) ("[T]he Declaratory Judgment Act . . . specifically preserves the right to jury trial for both parties."); Simler v. Conner, 372 U.S. 221, 223 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions as petitioner requested . . . [and] the courts below erred in denying petitioner the jury trial guaranteed him by the Seventh Amendment.").

[29]    Diamond "S" Dev. Corp. v. Mercantile Bank, 989 So. 2d 696, 697 (Fla. Dist. Ct. App. 2008); see also Moynet v. Courtois, 8 So. 3d 377, 379 (Fla. Dist. Ct. App. 2009) ("[W]here there is an express contract between the parties, claims arising out of that contractual relationship will not support a claim for unjust enrichment.").

[30]    Elizabeth N. v. Riverside Grp., Inc., 585 So. 2d 376, 378 (Fla. Dist. Ct. App. 1991) (internal quotation marks omitted).

Complaint, the Plaintiff has not stated a plausible unjust enrichment claim. In response, the Plaintiff first argues that she ought to be allowed to pursue her unjust enrichment claim since she may not prevail on her contract claim. But the Plaintiff may only prevail on an unjust enrichment claim in the absence of a contract, not just in the absence of a successful contract *claim*.[31] The Plaintiff then argues that she is stating her unjust enrichment claim in the alternative. But "[u]njust enrichment may only be pleaded in the alternative to a breach of contract claim where one of the parties asserts that the contract governing the dispute is invalid."[32] Because both parties acknowledge that there is a valid warranty, the Plaintiff's unjust enrichment claim should be dismissed.[33]

_____

[31]     See Speier-Roche v. Volksw Agen Grp. of Am. Inc., No. 14-20107-CIV, 2014 WL 1745050, at *8 (S.D. Fla. Apr. 30, 2014) ("Plaintiff's failure to state a claim for breach of warranty does not save the unjust enrichment claim.").

[32]     Degutis v. Fin. Freedom, LLC, 978 F. Supp. 2d 1243, 1265 (M.D. Fla. 2013).

[33]     See, e.g., id. at 1266 ("In this case, it is undisputed by Plaintiff that an express mortgage contracts exists between Plaintiff and the Defendants. Even though Plaintiff argues that it is alleging the unjust enrichment claim in the alternative, . . . Plaintiff is not alleging that the contract is invalid. . . . Thus, Plaintiffs claim for unjust enrichment fails."); Speier-Roche, 2014 WL 1745050, at *8 ("Plaintiff attempts . . . to assert 'in the alternative' a claim for unjust enrichment despite the existence of an express warranty governing her rights. This argument is contrary to the weight of authority holding that an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute. . . . Here, because there is an express warranty governing Plaintiff's rights, her unjust enrichment claim must fail."); Zarrella v. Pacific Life Ins.

### C.      Strict   Products   Liability,   Negligent   Design, Fraudulent Concealment, and Negligent Misrepresentation

The Defendant argues that the Plaintiff's claims for strict products liability, negligent design, fraudulent concealment, and negligent misrepresentation are barred by the "economic loss rule." Florida courts have adopted the economic loss rule in the context of products liability torts "to protect manufacturers from liability for economic damages caused by a defective product beyond those damages provided by warranty law."[34] It is "a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses."[35] Economic losses are defined as "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits – without any claim

---

Co., 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010) ("Plaintiffs contend that their unjust enrichment claim should survive dismissal anyway because it is a claim in the alternative pursuant to Federal Rule of Civil Procedure 8. . . . The parties do not dispute the existence of an express contract governing their insurance policy agreement, so the equitable remedy of unjust enrichment is not available. Accordingly, . . . the Court will dismiss the claim with prejudice."); Central Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co., 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) ("No party here contests the existence of a valid contract. In fact, in the unjust-enrichment claim, Plaintiff does not challenge the validity of the PIP insurance contracts . . . [a]s there is a valid express contract that no party challenges, Plaintiff may not recovery under unjust enrichment, and may not assert it as an alternative.").

[34]      Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc., 110 So. 3d 399, 403 (Fla. 2013).

[35]      Id. at 401.

of personal injury or damage to other property."[36] Here, the Plaintiff only adequately alleges an injury to the Shingles themselves. Although the Complaint contains a vague allegation that other property was damaged,[37] a party must do more than "tender[] naked assertion[s] devoid of further factual enhancement."[38]

In response, the Plaintiff argues that "negligent misrepresentation and fraudulent inducement/concealment claims [are] exceptions to the economic loss rule."[39] The Florida Supreme Court has stated that "[w]here a contract exists, a tort action will lie for either intentional or negligent acts considered to be *independent* from acts that breached the contract."[40] However, "[m]isrepresentations *relating to the breaching party's performance of a contract* do not give rise to an independent cause of action in tort, because such misrepresentations are interwoven and indistinct from the heart of the contractual agreement."[41] When "the only alleged misrepresentation

---

[36]     Id.

[37]     Compl. ¶ 120.

[38]     Iqbal, 556 U.S. at 678.

[39]     Pl.'s Resp. Br., at 23.

[40]     HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996) (emphasis added).

[41]     Straub Capital Corp. v. L. Frank Chopin, P.A., 724 So. 2d 577, 579 (Fla. Dist. Ct. App. 1998) (emphasis added); see also Aprigliano v. American Honda Motor Co., 979 F. Supp. 2d 1331, 1337 (S.D. Fla. 2013) ("Usually claims for negligent

concerns the heart of the parties' agreement, simply applying the label of [fraud] to a cause of action will not suffice to subvert the sound policy rationales underlying the economic loss doctrine."[42] Indeed, "[t]o hold otherwise would allow the economic loss rule to be manipulated such that any time a purchaser received a defective product that did not cause any injuries or damage to other property, such a purchaser could assert claims for negligent and fraudulent concealment regarding the defect to avoid the economic loss rule."[43] Here, the relevant representations – whether express or implied by the Defendant's silence – are certainly related to the Defendant's obligation under the contract: to provide Shingles that meet the stated standard of quality.[44] Thus, because "[a]ll of the allegations that Plaintiff uses to support [her] claims for . . . fraudulent concealment . . . and negligent misrepresentation relate to whether

---

misrepresentation are barred by the economic loss rule where, as here, there are claims for breach of warranty alongside tort claims and the allegations contained in both are similar.").

[42]    Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So. 2d 74, 77 (Fla. Dist. Ct. App. 1997).

[43]    Burns v. Winnebago Indus., Inc., No. 8:13-CV-1427-T-24, 2013 WL 4437246, at *4 (M.D. Fla. Aug. 16, 2013).

[44]    Compl. ¶ 130 ("Defendant represented that the Shingles conformed to all applicable building codes and industry standards, that the Shingles would be free from defects . . ..."); Compl. ¶ 122 ("Atlas . . . had a duty . . . to disclose . . . the true facts and their knowledge concerning the Shingles; that is that said product was defective, would prematurely fail, and otherwise were not warranted and represented by Atlas.").

Defendant adequately performed under the contract-that is, whether Defendant breached the agreement by providing . . . defective [Shingles],"[45] the Plaintiff's fraudulent concealment and negligent misrepresentation claims must be dismissed. In addition, the Plaintiff's strict products liability and negligent design claims must be dismissed as well.[46]

---

[45]     HTC Leleu Family Trust v. Piper Aircraft, Inc., No. 1:12-CV-21118-KMM, 2012 WL 4982633, at *4 (S.D. Fla. Oct. 17, 2012).

[46]     The Plaintiff argues that her negligent misrepresentation and fraudulent concealment claims are based on pre-contract conduct, and depend on certain facts that are not relevant to her breach of warranty claim. Pl.'s Resp. Br., at 24-25. This misunderstands the relevant inquiry. The question is simply whether the representations at issue "*concern*[] the heart of the parties' agreement," Hotels of Key Largo, 694 So. 2d at 77 (emphasis added); not whether the facts required to establish all of the claims are identical. Obviously, the fraud claims have different elements, and so they will partially turn on different facts. But this does not mean they are sufficiently distinct from the breach of warranty claim. Cf. id. at 78 ("[T]he plaintiffs claim that contrary to the defendant's *pre-contract representations*, the plaintiffs were not listed with the system fast enough . . . [but] this type of fraud claim is not independent of the contract and thus the economic loss doctrine applies.") (emphasis added).

## IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 173].

SO ORDERED, this 17 day of June, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge