IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2495 1:13-md-2495-TWT |

**OPINION AND ORDER**

This is a products liability action involving allegedly defective roofing shingles. It is before the Court on the parties' letter briefs regarding the timing of Daubert type challenges to the Plaintiffs' expert opinions in the context of the class certification briefing which begins on December 30, 2015. Both sides rely upon unpublished Eleventh Circuit cases to support their positions. The Plaintiffs rely upon Drayton v. Western Auto Supply Co., No. 01-10415, 2002 WL 32508918, at *6 (11th Cir. Mar. 11, 2002) ("Appellants have presented no authority establishing a court must perform a *Daubert* inquiry of scientific evidence at this early stage of a class action proceeding. The district court indicated it will address this issue as this case progresses, which we find sufficient."). The Defendant relies upon Sher v. Raytheon Co., 419 F. App'x 887, 890 (11th Cir. 2011) ("In *American Honda*, the Seventh Circuit found that 'when an expert's report or testimony is critical to class certification, as it is here ..., a district court must conclusively rule on any challenge

to the expert's qualifications or submissions prior to ruling on a class certification motion.' Id. at 815-16. The *American Honda* court found that, if the situation warrants, the district court must perform a full *Daubert* analysis before certifying the class. Id. at 816. A district court is the gatekeeper. It must determine the reliability of the expert's experience and training as well as the methodology used. Id. 'The [district] court must also resolve any challenge to the reliability of information provided by an expert if that information is relevant to establishing any of the Rule 23 requirements for class certification.' Id. We agree.").

It seems to me that the difference between Drayton and Sher is that the court applied a more rigorous standard for certifying a class in the latter case. "A district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." Sher v. Raytheon Co., 419 F. App'x 887, 890 (11th Cir. 2011) (citing Gen. Tel. Co. v. Falcon, 457 U.S. 147(1982)). "The burden of proof to establish the propriety of class certification rests with the advocate of the class." Id. (citing and quoting Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1187 (11th Cir. 2003)). "Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." Id. (citing and quoting Valley Drug at 350 F.3d at 1188). This seems

to be the now prevailing approach to class certification in the Eleventh Circuit. The Court will apply the <u>Sher</u> standard and will conduct whatever <u>Daubert</u> analysis is appropriate in the context of making the class certification decision. This does not mean that the Court expects formal <u>Daubert</u> motions to be filed. Any <u>Daubert</u> objections to expert testimony – and any responses – should be stated in the class certification briefs. Whether any sort of hearing will be required will be determined later.

  SO ORDERED, this 29 day of December, 2015.


      /s/Thomas W. Thrash
      THOMAS W. THRASH, JR.
      United States District Judge