IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2495 1:13-md-2495-TWT |
| NOBLE L. BROOKS, JR. on behalf of himself and all others similarly situated, Plaintiff, v. ATLAS ROOFING CORPORATION, Defendant. | CIVIL ACTION FILE NO. 1:14-CV-1-TWT |

**OPINION AND ORDER**

This is a multi-district class action arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Plaintiff Noble Brooks, Jr.'s Motion for Class Certification [Doc. 36]. However, the Court finds that it does not have subject-matter jurisdiction over the Plaintiff's case. Consequently, the case should be DISMISSED. The Plaintiff's Motion for Class Certification [Doc. 36] is DENIED as moot.

**I. Background**

The Plaintiff and putative class members are purchasers of Atlas Chalet and Stratford Shingles ("Shingles"). The Defendant Atlas Roofing Corporation ("Atlas") – a Mississippi corporation – designed, manufactured, and sold the Shingles.[1] Atlas represented and continues to represent that the Shingles are durable, reliable, free from defects, and compliant with industry standards and building codes.[2] The Plaintiff alleges that the Shingles were defective at the time of sale due to a flaw in the manufacturing process.[3] The Plaintiff further alleges that despite Atlas's knowledge of the defect, Atlas did nothing to correct the defective design and continued to market and warrant the Shingles as durable.[4]

The named Plaintiff Noble Brooks, Jr., who is a resident of Yazoo City, Mississippi, had the Shingles installed on his home in 2006.[5] In 2013, his roof began to leak, resulting in damage to his home.[6] That same year, he paid to repair the leaks.[7]

---

[1] Am. Compl. ¶¶ 2, 25.

[2] Id. ¶ 2.

[3] Id. ¶ 3.

[4] Id.

[5] Id. ¶¶ 19-20.

[6] Brooks Dep., at 44.

[7] Id. at 113.

Eventually, the Plaintiff filed a warranty claim with the Defendant.[8] On November 11, 2013, the Plaintiff filed suit against the Defendant in the United States District Court for the Southern District of Mississippi on behalf of himself and others similarly situated in the state of Mississippi.[9] He seeks to bring his suit as a class action. Because similar consumer class actions were filed in other states, the Judicial Panel on Multidistrict Litigation transferred all related class actions pending in federal court to this Court for coordinated or consolidated pretrial proceedings.[10]

The Defendant brought a motion to dismiss. It argued, *inter alia*, that the Court lacked subject-matter jurisdiction under the Class Action Fairness Act ("CAFA").[11] Specifically, it argued that the Plaintiff had not demonstrated minimal diversity. The Court disagreed. It found that because the Plaintiff's requested class is not limited to Mississippi citizens, "the allegations in the Amended Complaint give rise to a plausible inference that there is a non-Mississippi citizen that owns a structure in Mississippi containing Chalet Shingles."[12] Thus, the Court concluded that it could not

---

[8] Id. at 76-78, 137-140.

[9] See [Doc. 1] under 1:14-cv-00001-TWT.

[10] See Transfer Order [Doc. 1] under No. 1:13-md-02495-TWT.

[11] See 28 U.S.C. § 1332(d).

[12] See [Doc. 30], at 5.

dismiss the Plaintiff's claim for lack of subject-matter jurisdiction at the motion to dismiss stage. Now, the Defendant raises the issue of subject-matter jurisdiction in its response to the Plaintiff's Motion for Class Certification. It – once again – argues that the Plaintiff has failed to demonstrate there is minimal diversity.

## II. Legal Standard

Federal district courts have limited jurisdiction.[13] Attacks on subject-matter jurisdiction come in two forms: "facial attacks" and "factual attacks."[14] Facial attacks "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purpose of the motion."[15] On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion.[16] "'Facial attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings,

---

[13] 28 U.S.C. § 1331.

[14] Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A., 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

[15] Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

[16] Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

such as testimony and affidavits, are considered.'"[17] The presumption of truthfulness does not attach to the plaintiff's allegations.[18] Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[19]

### III. Discussion

Under the Class Action Fairness Act, "federal courts now have original jurisdiction over class actions in which [1] the amount in controversy exceeds $5,000,000 and [2] there is minimal diversity (at least one plaintiff and one defendant are from different states)."[20] The minimal diversity requirement may be met when "only one member of the plaintiff class – named or unnamed – . . . [is] diverse from any one defendant."[21] Because the Plaintiff filed his class action in federal court,

---

[17] Lawrence, 919 F.2d at 1529 (quoting Menchaca, 613 F.2d at 511).

[18] Id.

[19] Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999).

[20] Evans v. Walter Indus., Inc., 449 F.3d 1159, 1163 (11th Cir. 2006) (citing 28 U.S.C. § 1332(d)(2)).

[21] Lowery v. Alabama Power Co., 483 F.3d 1184, 1193 n.24 (11th Cir. 2007).

relying on CAFA, he must show by a preponderance of the evidence that minimal diversity is present.²²

Here, it is undisputed that both the Plaintiff and the Defendant are citizens of Mississippi.²³ Thus, for minimal diversity to exist, at least one non-Mississippi citizen needs to be a class member. Because the case is past the motion to dismiss stage, the Plaintiff cannot rely on favorable inferences from his Complaint. The Plaintiff must prove by a preponderance of the evidence that such a class member exists. Nevertheless, the Plaintiff has failed to identify a single non-Mississippi citizen that would be a member of the class. Nor has the Court seen any evidence that suggests such a class member exists. The Plaintiff counters in his reply brief that it was inappropriate for the Defendant to raise the issue of subject-matter jurisdiction at the motion for class certification stage. The Plaintiff states "[a] class certification motion is not the correct procedural vehicle in which to debate this issue," because "the Court

---

²² See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998) (noting that "the party invoking federal jurisdiction bears the burden of establishing its existence"); Evans, 449 F.3d at 1164 ("CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction."); Heretick v. Publix Super Markets, Inc., 841 F. Supp. 2d 1247, 1249 (M.D. Fla. 2012) ("If Publix shows by a preponderance of the evidence that the action concerns minimally diverse parties . . . CAFA presumes the action fit for federal court.").

²³ Am. Compl. ¶¶ 19, 25.

should refrain from addressing issues not relevant to the issues that may be raised by a motion to certify the class."[24] But subject-matter jurisdiction must be present throughout the entire case.[25] Thus, the Defendant did not err by arguing that the Court lacked subject-matter jurisdiction in its response brief to the Plaintiff's Motion for Class Certification. In sum, the Court finds that the Plaintiff has failed to demonstrate minimal diversity and thus it lacks subject-matter jurisdiction over the Plaintiff's action.

## IV. Conclusion

For the reasons set forth above, the Plaintiff Noble Brooks, Jr.'s case is DISMISSED. The Plaintiff's Motion for Class Certification [Doc. 36] is DENIED as moot.

SO ORDERED, this 8 day of June, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[24] Pl.'s Reply Br., at 3 (quoting Rivera v. Washington Mut. Bank, 637 F. Supp. 2d 256, 263 (D.N.J. 2009)).

[25] See FED. R. CIV. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").